IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRISTEN HALL, o/b/o D.H.,
A minor                                                                                                    PLAINTIFF

V.                                              NO. 11-5209

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kristen Hall brings this action on behalf of her minor son, D.H., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying D.H.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed the application for SSI on D.H.'s behalf on July 9, 2008, alleging that D.H. was disabled due to "hyperactivity, ADD, rolls in his sleep and can NOT sit still and does not sleep at night and has several problems paying attention for more than about 2-3 minutes at a time. Adhd." (Tr. 81-83, 103). An administrative hearing was held on February 1, 2010, at which Plaintiff testified. Plaintiff and D.H. were represented by counsel. (Tr. 122-127)

The ALJ, in a written decision dated June 28, 2010, found that D.H. was not disabled, as D.H. did not have an impairment that met or was medically or functionally equal to a listed

impairment. (Tr. 5-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council which denied that request on July 12, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The regulations prescribe a three-step process for making the disability determination. First, the ALJ must determine whether the child has engaged in substantial gainful activity. See

20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. See 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. See 20 C.F.R. § 416.924(d). Functional equivalence may be established by demonstrating marked limitations in two, or extreme limitations[1] in one of the following "domains:" 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. See 20 C.F.R. § § 416.926(b)(1), 416.926a(d). The ALJ should consider all relevant evidence in the case to determine whether a child is disabled, and the evidence may come from acceptable medical sources and from a wide variety of "other sources," including teachers. SSR 09-2P. In fact, the Commissioner's regulations for childhood disabilities "provide that parents and teachers, as well as medical providers, are important sources of information." Lawson v. Astrue, 2009 WL 2143754, at *9 (E.D. Mo. July 13, 2009), citing 20 C.F.R. § 416.9249.

In the present case, the ALJ found that D.H.'s claim failed at step three, as D.H. did not

---

[1] (2)Marked limitation -(I)We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean....
(3)Extreme limitation - (I) We will find that you have an "extreme" limitation in a domain when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Extreme" limitation also means a limitation that is "more than marked." "Extreme" limitation is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean.

20 C.F.R. § § 416.926a(e)(2) and (3).

have an impairment that met or medically equaled a listed impairment. The ALJ specifically stated that there were no medical listings that precisely met or medically equaled one of the listed impairments of 102.00 or 112.00, or any other of the listed impairments described in Appendix 1 of the Regulations. (Tr. 11 ). The ALJ also determined that D.H. did not have an impairment or combination of impairments that functionally equaled the listings. (Tr. 11-12).

Plaintiff argues the following in this appeal: 1) That the ALJ erred in finding that D.H. suffered from speech delays; and 2) the ALJ erred in finding that D.H. only had a marked limitation in acquiring information. (Doc. 9 at p.7).

**III.    Discussion:**

What concerns the Court is the fact that all of the medical evidence pre-dates the report completed by D.H.'s kindergarten teacher, Ms. Emma Orr, on February 8, 2010, by at least one year. (Tr. 149-156). In Teacher Orr's questionnaire, she reported that D.H. was absent frequently and tardy one to three times a week; that D.H. had "A very serious problem" in all categories under the domain of Acquiring and Using Information; that D.H. had "A very serious problem in five categories under the domain of Attending and Completing Tasks, and "A serious problem" in one category of Acquiring and Using Information. (Tr. 149-151). Teacher Orr reported that D.H. had missed eleven days of school so far that year and was tardy quite frequently - 17 days so far that year. (Tr. 155). Teacher Orr also opined that D.H. seemed to have trouble fitting in at times, although she also reported that D.H. was a sweet little boy and had a great desire to learn, but that his ability at that time was not at that grade level. She reported that she was in the process of referring D.H. for resource room services. (Tr. 150, 155).

The ALJ found that D.H. had a marked limitation only in the domain of Acquiring and Using Information, and less than marked limitation or no limitation in the remaining domains. (Tr. 14-18). It is noteworthy that Dr. Denise LaGrand, Psy.D., in her August 6, 2008 report, indicated that it would be helpful to have D.H. retested after six months to one year in a structured Head Start or preschool environment, and that with remedial education, developmental services and environmental enrichment, he was likely to show significant gains. (Tr. 212).

The Court is of the opinion that when the ALJ considered Teacher Orr's completed questionnaire, in conjunction with Dr. LaGrand's suggestion, he should have more fully developed the record by having D.H. re-evaluated by an examining mental health expert, and have that expert complete a Childhood Disability Evaluation Form. The ALJ should then re-evaluate whether D.H.'s impairments functionally equals a listed impairment.

**IV.    Conclusion:**

For the reasons stated herein, the Court hereby finds that there is not substantial evidence to support the ALJ's findings, and therefore remands this case to the Commissioner for further proceedings consistent with the opinion, pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of August, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)